UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SALVATORE CIMINO and JOSEPHINE CIMINO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 1:05-CV-389-TLS |
| FLEETWOOD ENTERPRISES, INC., and FLEETWOOD MOTOR HOMES OF INDIANA, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant Fleetwood Enterprises, Inc.'s motion to dismiss the Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6).

The Plaintiff's Complaint, filed on August 3, 2005, asserted a claim against Fleetwood Enterprises, Inc., and its subsidiary, Fleetwood Motor Homes of Indiana, for replacement of the motorhome they purchased from Fleetwood or repayment of the purchase price less reasonable wear and tear, as allowed by the Magnuson-Moss Warranty Act. The Defendant removed the case on September 13, 2005, asserting that subject matter jurisdiction would be proper under 15 U.S.C. § 2310(d)(1)(B). This case was transferred here on October 18, 2005, from the Southern District of Florida. The Plaintiff filed an amended Complaint on May 16, 2006.

The Defendant filed its motion to dismiss on January 5, 2006, arguing that the Plaintiff's claim against it must fail because the Defendant is not a warrantor within the meaning of the Act. The Plaintiff responded on January 17, 2006, that the warranty does not clearly state which entity of Fleetwood issued the warranty and that Fleetwood Enterprises may be liable.

Before the Court can address this issue, it must be satisfied that removal was proper and that it does have subject matter jurisdiction to hear this case. As explained by the Seventh Circuit in *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 521 (7th Cir. 2003),

> Under 15 U.S.C. § 2310(d)(1)(B), federal question jurisdiction exists over a Magnuson-Moss claim where the amount in controversy is at least $50,000. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir.1998). . . . To calculate the amount in controversy under § 2310(d)(1)(B), however, the party asserting federal jurisdiction must allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle. *Id.* at 957.

*Voelker*, 353 F.3d at 521. Here, as in *Voelker*, "no party has provided the Court with the relevant numbers to plug into the *Gardynski-Leschuck* formula, and we are thus in no position to conclude that jurisdiction under § 2310(d)(1)(B) exist[s] over the Magnuson-Moss claims." *Id.* at 521–22.

To determine whether damages may exceed $50,000 in this case, supplemental briefing is necessary. The Defendant, as the party asserting federal jurisdiction, is granted thirty (30) days to submit its brief and evidence supporting this Court's exercise of subject matter jurisdiction. The Plaintiff has fifteen (15) days to respond. No reply should be necessary.

SO ORDERED on July 7, 2006.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT